3/31/2016 5:32:03 PM
Chris Daniel - District Clerk Harris County
Envelope No. 9892819
By: Monica Ovalle
Filed: 3/31/2016 5:32:03 PM

**2016-20768 / Court: 164**

CAUSE NO. _____

| | | |
|---|---|---|
| **RICKEY BUCHANAN,** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § § | |
| VS. | § § | **HARRIS COUNTY, TEXAS** |
| **HUNTER EXPRESS LTD; PARAMANATHAN PREMANANTHAN, INDIVIDUALLY,** | § § § § | |
| *Defendant.* | § § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF RICKEY BUCHANAN'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, AND RULE 193.7 NOTICE

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, RICKEY BUCHANAN,** hereinafter referred to as Plaintiff, and files this lawsuit against Hunter Express Ltd. and Paramanathan Premananthan, Individually, hereinafter referred to as Defendants, and in support thereof, for cause of action, would respectfully show this Honorable Court as follows:

### I. DISCOVERY CONTROL PLAN

1.1 Plaintiff requests that Discovery be conducted under Level III of TEXAS RULES OF CIVIL PROCEDURE.

### II. PARTIES

2.1 Plaintiff Rickey Buchanan is a resident citizen of Houston, Harris County, Texas.

2.2 Defendant Hunter Express Ltd. is a foreign corporation organized and existing under the laws of Ontario, Canada and may be served by serving the Ministry of the Attorney



General, Ontario Court of Justice, 393 Main Street, Haileybury, Ontario P0J 1K0 Canada, which has been designated as the Central Authority for Ontario, Canada. Defendant Hunter Express Ltd. may be served by any method prescribed by Ontario, Canada's laws for service of documents in domestic actions upon persons who are with its territory at 1940 Steeles Ave. E, Brompton, ON L6T1A7.

2.3     Defendant Premananthan is an individual resident of Ontario Canada and may be served by serving the Ministry of the Attorney General, Ontario Court of Justice, 393 Main Street, Haileybury, Ontario P0J 1K0 Canada, which has been designated as the Central Authority for Ontario, Canada. Defendant Premananthan may be served by any method prescribed by Ontario, Canada's laws for service of documents in domestic actions upon persons who are with its territory at 42 Cartmel Dr., Markham, CD L3S418.

### III.
### JURISDICTION AND VENUE

3.1     This Court has jurisdiction in this matter because the damages to Plaintiff are within the jurisdictional limits of this Court.

3.2     The cause of action accrued in Harris County, Texas. Therefore, venue is proper pursuant to §15.002(a) (3) of the Texas Civil Practice & Remedies Code.

3.3     All other conditions precedent to the filing of this suit have been met.

### IV.
### FACTUAL BACKGROUND

4.1     This case arises from an automobile collision caused by the negligent acts of the Defendants. Nothing Plaintiff did caused or contributed to this occurrence.

4.2 On or about June 3, 2014, Plaintiff was involved in a serious injury-producing incident. This collision occurred in Harris County, Texas. Suddenly and without warning, Defendant Premananthan, while driving under the supervision and control of Defendant Hunter Express Ltd. and while driving a tractor owned by Defendant Hunter Express Ltd., failed to operate his vehicle in a prudent and reasonable manner, causing the subject collision. The force of the crash caused physical damage to the vehicle being operated by Plaintiff and caused Plaintiff to suffer permanent and disabling injuries requiring extensive and ongoing medical treatment.

## V.
## NEGLIGENCE CAUSE OF ACTION AGAINST DEFENDANT HUNTER EXPRESS LTD.

5.1 Defendant Hunter Express Ltd. was the employer of Defendant Premananthan and was the owner of the vehicle driven by Defendant Premananthan. At all times material to this lawsuit, Defendant Premananthan was acting within the course and scope of his employment with Defendant Hunter Express Ltd. Consequently, Defendant Hunter Express Ltd. is vicariously liable to Plaintiff for the negligent conduct of Defendant Premananthan under the doctrine of *respondeat superior*.

5.2 Furthermore, the independent conduct of this Defendant constitutes negligence. Such negligent acts and omissions include, but are not limited to the following:

   a. Hiring and/or retaining Defendant Premananthan whom it knew or should have known was a reckless or incompetent driver;

   b. Entrusting a vehicle to Defendant Premananthan whom it knew or should have known was a reckless or incompetent driver;

   c. Failing to properly train Defendant Premananthan in the safe operation of a motor vehicle;

Certified Document Number: 69636384 - Page 3 of 9

  d. Failing to properly supervise Defendant Premananthan's driving activities; and;

  e. Any other was that the evidence may show during the course of discovery and can be proven at trial.

5.3 The foregoing acts and omissions, singularly and collectively, on the part of this Defendant constitutes negligence and such negligence was a proximate cause of the occurrence made the basis of this suit and Plaintiff's injuries and damages.

## VI.
## GROSS NEGLIGENCE OF DEFENDANT HUNTER EXPRESS LTD.

6.1 Defendant Hunter Express Ltd. was the employer of Defendant Premananthan and was owner of the vehicle driven by Defendant Premananthan at the time of the collision in question. Defendant Premananthan was an incompetent, reckless, habitually negligent driver. Defendant Hunter Express Ltd. knew or should have known that Defendant Premananthan was an incompetent, reckless, habitually negligent driver and Defendant Hunter Express Ltd. was grossly negligent in entrusting Defendant Premananthan with a vehicle to drive in spite of this knowledge. Defendant Hunter Express Ltd.'s grossly negligent conduct was a proximate cause of the subject collision and Plaintiff's injuries and damages.

6.2 The conduct of this Defendant, which when viewed objectively from the standpoint of this Defendant at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. This Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others. Consequently, the conduct of this Defendant constitutes gross

Certified Document Number: 69636384 - Page 4 of 9

negligence. Such gross negligence was a proximate cause of the occurrence and Plaintiff's resulting injuries and damages.

6.3 This Defendant's acts and omissions constitute gross negligence, grossly negligent hiring, grossly negligent training, grossly negligent retention, grossly negligent entrustment, and grossly negligent supervision and other causes of action to be shown hereinafter at or before the time of trial. Plaintiff would show that the foregoing acts of gross negligence on the part of the Defendant, either collectively or singularly, caused the injuries and damages suffered by Plaintiff and that same constituted gross negligence.

## VII.
## NEGLIGENCE OF DEFENDANT PARAMANATHAN PREMANANTHAN

7.1 Plaintiff would further show that Defendant Premananthan was guilty of the following acts of negligence, and that each of such acts and omissions, singularly or in combination with others constituted negligence that proximately caused the collision, damages and injuries that Plaintiff suffered, to-wit:

    a. In failing to maintain a proper lookout;

    b. In failing to come to a stop prior to hitting the vehicle in which Plaintiff was a passenger;

    c. In failing to timely apply his brakes in order to avoid the collision;

    d. In failing to maintain control of the vehicle he was operating at the time of subject collision;

    e. In failing to operate his vehicle at a rate of speed that an ordinarily prudent person would have driven under the same or similar circumstances;

    f. In such other ways to be shown at or before the time of trial.

## VIII.
## DAMAGES

8.1  As a result of the negligent acts of Defendants, Plaintiff has incurred necessary hospital and medical expenses and will continue to incur medical expenses in connection with said injuries for an undetermined length of time in the future.

8.2  As a direct and proximate result of the negligence of Defendants, Plaintiff suffered severe injuries and extreme physical pain, suffering and mental anguish, physical incapacity and in all probability, Plaintiff will be forced to endure physical pain, suffering, mental anguish and physical incapacity for an undetermined length of time and probably for the remainder of his life. In the incident made the basis of this suit, Plaintiff suffered injuries to his neck, back, shoulder and general body.  As a direct and proximate cause of Defendants' negligent conduct and resulting injuries, Plaintiff has been forced to undergo extensive therapy, diagnostic testing and other various types of treatment to heal her physical impairments, including an invasive surgery.

8.3  All damages sought by Plaintiff include damages that were sustained in the past, and that, in reasonable probability, will be sustained in the future.  Plaintiff seeks both pre-judgment and post judgment interest as allowed by law, for all costs of Court, and all other relief, both at law and in equity.  Therefore, Plaintiff will seek to recover all damages allowed by law, including any damages to compensate her for the following:

   a.  all necessary medical care expenses in the past;

   b   all necessary medical care that, in reasonable probability, Plaintiff will sustain in the future;

   c.  physical pain and suffering in the past;

  d. physical pain and suffering that, in reasonable probability, Plaintiff will sustain in the future;

  e. mental anguish in the past;

  f. mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

  g. physical impairment in the past;

  h. physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

  i. disfigurement in the past; and

  j. disfigurement that, in reasonable probability, Plaintiff will sustain in the future;

  k. lost wages and loss of wage earning capacity in the past;

  l. lost wages and loss of wage earning capacity, Plaintiff will sustain in the future; and

  m. gross negligence.

## IX.
## REQUEST FOR DISCLOSURE

  9.1 Pursuant to Rule 194, request is made that Defendants disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a)-(l). Each Defendant must serve a written response to these Requests for Disclosure on Plaintiff within fifty (50) days after the service of this request. Failure to timely respond shall constitute an abuse of discovery pursuant to Texas Rule of Civil Procedure 215.

## X.
## RULE 193.7 NOTICE

10.1     Plaintiff hereby puts Defendants on notice that Plaintiff intends to use Defendants' discovery responses as evidence at trial in accordance with such right and privileges established by TEXAS RULE OF CIVIL PROCEDURE 193.7.

## XI.
## JURY DEMAND

11.1     Pursuant to Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff respectfully requests and demands a trial by jury.

## XII.
## PRAYER

12.1     **WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Defendants be cited to appear and answer herein as the law directs, and that, upon final hearing, Plaintiff have and recover judgment of and from the Defendants pursuant to the above and foregoing allegations in such amounts as hereinabove set out and as the evidence may show proper at the time of trial, together with interest thereon at the legal rate, costs of Court, and for such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**BROWN & MUSSLEWHITE, LLLP**

<u>/s/ Jeff Musslewhite</u>
Jeff Musslewhite
SBN: 24041555
Lori L. Brown
SBN: 00792375
1770 St. James Place, #100
Houston, Texas 77056
Telephone (281) 810-8780
Facsimile (888) 599-4190
jeff@lbjmlaw.com
lori@lbjmlaw.com

***Attorneys for Plaintiff,***



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   June 17, 2016

Certified Document Number:        69636384 Total Pages: 9

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**